# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:13-CR-106 |
| | § | |
| JOEL LEE WALLACE | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed July 22, 2015, alleging that the Defendant, Joel Lee Wallace, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Joel Lee Wallace was sentenced on July 11, 2006, before The Honorable Charles R. Butler, Jr. of the Southern District of Alabama after pleading guilty to the offenses of: Possession with Intent to Distribute Marijuana (Count 1); and Use and Carry of a Firearm in Furtherance of a Drug Crime (Count 4). Count One was a Class D felony and carried a statutory maximum imprisonment term of five years, and Count Four was a Class A felony and carried a statutory maximum imprisonment term of five years to life to run consecutively. The guideline imprisonment range, based on a total

offense level of 17 and a criminal history category of I, was 24 to 30 months for Count One and 60 months for Count Four. Wallace was subsequently sentenced to 78 months of imprisonment, which included 18 months as to Count One and 60 months as to Count Four, to run consecutively subject to the standard conditions of release, plus special conditions to include drug treatment, $500 fine, and a mandatory special assessment of $200. Wallace was also ordered to a three year term of supervised release as to Count One and a five year term of supervised release as to Count Four, to run concurrently.

## II. The Period of Supervision

On October 7, 2011, Wallace completed his period of imprisonment and began service of the supervision term. On December 11, 2013, the Southern District of Alabama transferred jurisdiction to the Eastern District of Texas. The case has been reassigned to the Chief U.S. District Judge Ron Clark.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision on July 22, 2015, alleging six violations of supervised release: 1&2) he was detained by the DEA for possession of marijuana on June 9, 2015 in violation of his mandatory condition that he not commit another crime and that he not illegally possess a controlled substance; 3) he was in Kingsville, Texas on June 9, 2015 in violation of his standard condition that he not leave the judicial district without permission; 4) he also violated a standard condition that he not frequent places where controlled substances are sold, used, distributed or administered based upon his possession of marijuana on June 9, 2015; 5) Wallace violated a standard condition that he not associate with any persons engaged in criminal activity as evident of his possession of marijuana; and 6) he violated

a mandatory condition that he refrain from any unlawful use of a controlled substance by testing positive for two urine specimens on April 5, 2013 and May 16, 2013.

## IV. Proceedings

On July 22, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. Wallace agreed to plead "true" to the third allegation in the petition that he left the judicial district without permission.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offenses of conviction were Class A and D felonies; therefore, the maximum imprisonment sentence upon revocation is five and three years, respectively, which can be ordered to be served consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by leaving the judicial district without permission, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding

of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the amended petition's third allegation that he violated a standard condition that he not leave the judicial district without permission. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release and makes the same recommendation to the District Court.

## VII. Recommendations

The court should find that the Defendant violated a standard condition of release by leaving the judicial district without permission. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The undersigned recommends that the court impose a nine (9) month term of imprisonment with no supervised release to follow.

The Defendant requested to serve his sentence at a medical facility within the bureau of prisons so that he can receive adequate medical care for his medical conditions–crohn's disease and lung cancer. The undersigned recommends that the Defendant's request be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of July, 2015.

_____
Zack Hawthorn
United States Magistrate Judge